IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| | : | No. 08-553-01 |
| ARGENIS URENA | | |

**MEMORANDUM**

**SCHMEHL, J.**                                                                                       **July 29, 2025**

      Defendant was charged with five counts of Hobbs Act robbery, and one count of attempted Hobbs Act robbery, all in violation of 18 U.S.C. § 1951(a); six counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g).

      The charges stem from a series of five gunpoint robberies of convenience stores in Allentown, Pennsylvania committed by Defendant between March 14, 2007 and March 20, 2007 and an attempted such robbery on March 23, 2007. Pursuant to a plea agreement under Rule 11(c)(1)(C), Defendant pled guilty to all charges, except for four of the six 924(c) counts that the government dismissed. On July 1, 2010, the Honorable Legrome Davis sentenced Defendant to the stipulated term of imprisonment of 384 months, matching the mandatory terms for the two remaining 924(c) offenses of 7 and 25 years, with no additional penalty for the other counts of conviction. Defendant has filed a motion for compassionate release (Doc. 122) as well as three supplemental motions for compassionate release (Docs. 126, 128, 131). For the reasons that follow, all the motions will be denied.

      Defendant was 22 years old at the time he committed the robberies. He already

1

had a very long criminal record, beginning with a juvenile adjudication at age 13 for attacking a school employee with a box cutter. Defendant later incurred 20 convictions for adult offenses, between 2002 and 2006, amassing double the number of criminal history points required for placement in category VI. These convictions included nine convictions for various types of larceny, and other convictions for assault on police officers and possession of controlled substances. His conduct was consistent with a long history of drug abuse.

The government has informed the Court that Defendant has served approximately 219 months in prison and has credit for good conduct time of approximately 25 months and, therefore, has served a total of approximately 244 months.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons" warrant a sentence reduction. Such a reduction must be consistent with both the U.S. Sentencing Commission's policy statements and sentencing factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 821 (2010). Whether a prisoner has established an "extraordinary and compelling reason for release" is a "threshold question" that determines a prisoner's eligibility for compassionate release. *United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023).

In his first motion for compassionate release, Defendant argues that he is entitled to compassionate release because the sentence he received in 2010 would be substantially less if he were sentenced under the same law today.

At the time Defendant committed his offenses in 2007, Section 924(c) provided that a defendant convicted of a "second or subsequent" 924(c) offense was subject to a minimum consecutive sentence of 25 years of imprisonment.

2

However, in Section 403 of the First Step Act, effective December 21, 2018, Congress amended Section 924(c) to provide that the 25-year consecutive term for a successive 924(c) offense does not apply unless the defendant had a previous, final conviction for a 924(c) charge at the time of the offense. At the time he committed the offense, Defendant did not have a previous conviction for a 924(c) charge. As a result, under current law, Defendant would only face a seven-year sentence on both of the Section 924(c) charges he pled guilty to for brandishing a firearm in each robbery. The statutory requirement still applies that each such sentence must run consecutively to each other and to any other sentence imposed. That means the mandatory minimum sentence in this case under current law would be as low as 14 years (two consecutive terms of seven years) instead of the 32-year sentence (mandatory minimum of seven years and a mandatory consecutive term of 25 years) Defendant received.

However, the First Step Act's modification of Section 924(c) is nonretroactive.  Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5222; *United States v. Andrews*, 12 F. 4th 255, 261 (3d Cir. 2021). ("Congress specifically decided that the changes to the § 924(c) mandatory minimums would not apply to people who had already been sentenced.")

In addition, for defendants serving unusually long sentences, the Sentencing Guidelines recently added § 1B1.13(b)(6), recognizing as a basis for compassionate release "the circumstance where a defendant has served more than 10 years of an 'unusually long sentence' that due to a 'change in law' would be grossly disparate under current law." See U.S.S.G. § 1B1.13 (b)(6) (Nov. 1, 2023). Defendant admittedly falls under this category. However, the Guidelines also make clear that this provision applies only to changes "other than an amendment to the Guidelines Manual that has not been made retroactive," meaning that non-retroactive amendments to the Guidelines do not

3

constitute extraordinary and compelling reasons for relief. *See* U.S. SENT'G GUIDELINES MANUAL app. C at 208 (U.S. SENT'G COMM'N 2023).

In *United States v. Rutherford*, 120 F.4th 360 (3d Cir. 2024), decided on November 1, 2024, our Court of Appeals held that Section 1B1.13(b)(6) may not be applied to allow consideration for compassionate release based on the change in sentencing law in 18 U.S.C. § 924(c) adopted in Section 403 of the First Step Act of 2018, given Congress' declaration in Section 403 that the change does not apply retroactively in cases in which the sentence was imposed prior to adoption of the 2018 Act. The Court stated, "When it comes to the modification of § 924(c), Congress has already taken retroactivity off the table, so we cannot rightly consider it." *Rutherford*, 120 F.4th at 378. However, the Supreme Court recently granted certiorari in *Rutherford, Rutherford v. United States,* 2025 WL 1603603 (June 6, 2025), and therefore the Court will deny Defendant's motion for compassionate relief without prejudice to Defendant refiling the motion after the Supreme Court issues a ruling in *Rutherford*.

In his three supplemental motions for compassionate release, Defendant collectively argues that he is entitled to compassionate release based on onerous and restrictive prison conditions during the pandemic, his relative youth (age 22) and a cognitive impairment (drug and alcohol abuse) he claims he suffered from at the time he committed the offenses and rehabilitation.

With respect to rehabilitation, Congress provided in 28 U.S.C. § 994(t) that rehabilitation alone is insufficient to constitute an extraordinary and compelling reason. The Court notes that Defendant was cited for numerous infractions during the first years of his incarceration, but recognizes that none have occurred since 2014.

With respect to youth, District Courts within the Third Circuit have found young age at the time of the offense is not extraordinary even if it is uncommon. *See*

4

States v. Jones, No. 07-143, 2023 WL 2986928, at *5 (D.N.J. Apr. 18, 2023) (finding "age at the time of an offense cannot be an extraordinary and compelling circumstance[ ]" because it "is not an unanticipated circumstance that the Court was unable to take into account at sentencing[ ]"); United States v. Gordon, 585 F. Supp. 3d 716, 722 (E.D. Pa. 2022), aff'd, No. 22-1311, 2022 WL 2582547 (3d Cir. July 8, 2022); United States v. Andrews, 480 F. Supp. 3d 669, 687–88 (E.D. Pa. 2020) ("The Court is not aware of any cases where young age at the time of the offense and rehabilitation were found to be both extraordinary and compelling to warrant granting compassionate release without other reasons to support it."), aff'd, 12 F.4th 255 (3d Cir. 2021). Moreover, the offenses to which Defendant pled guilty were not the result of a single, youthful, impetuous act, but rather were the result of an extensive record of criminal activity both as a juvenile and a young adult, culminating with the six separate armed robberies committed here.

Finally, Defendant claims he is entitled to compassionate release based on onerous lockdowns and restrictions he experienced during the pandemic. "[T]his Court has repeatedly held that absent a showing of unique harm to the defendant, prison conditions during the pandemic alone simply do not present grounds for compassionate release." United States v. Arango, No. 07-542, 2022 WL 16552824, at *2 (E.D. Pa. Oct. 31, 2022) (first citing United States v. Brunson, No. 10-379, 2022 WL 3756198, at *5 (E.D. Pa. Aug. 30, 2022); then citing United States v. Gupton, No. 20-436, 2022 WL 3448233, at *2 (E.D. Pa. Aug. 16, 2022); and then citing United States v. Hernandez, No. 13-200, 2022 WL 910091, *5–*6 (E.D. Pa. Mar. 29, 2022)). Defendant has not identified any onerous lockdown or restriction that uniquely caused him any harm.